# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ABBY K. PRATHER**                                                              **PLAINTIFF**

**V.**                                    **CAUSE NO. 3:20-CV-831-CWR-FKB**

**JACKSON FITNESS LLC, et al.**                                     **DEFENDANTS**

## ORDER

Before the Court are Defendants' Motion to Dismiss for insufficient service of process [Docket No. 2] and Plaintiff Abby Prather's Motion for Extension of Time to Serve Defendants [Docket No. 3]. The matters are ready for adjudication.

Plaintiff filed her complaint on December 28, 2021. Her counsel never served the defendants with process. On May 5, 2021, therefore, Defendants filed their present Motion to Dismiss. Plaintiff responded with her Motion for Extension of Time on May 11, 2021.

According to Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

When an extension for service of process is sought or "[w]hen service of process is challenged, the serving party bears the burden of proving . . . good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect . . . ." *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)) (emphasis omitted).

However, dismissing this complaint at this point would effectively be a dismissal with prejudice, as plaintiffs have 90 days to file a lawsuit once they receive their Notice of a Right to Sue from the EEOC after filing their claim with the EEOC.[1] Therefore, this Court must review this removal under a higher standard. *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013). If "the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice." *Id.* "Because dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim, it is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* at 512-513. "To warrant dismissal, we must find a delay longer than just a few months; instead the delay must be characterized by significant periods of total inactivity." *Id.* at 513.

The Fifth Circuit has identified factors for this heightened standard. "When this Court has affirmed dismissals with prejudice, it has generally found at least one of the three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* at 514.

In the instant case, Plaintiff's counsel asserts in her motion for an extension that Defendants were aware of the complaint and thus she should get an extension. She also asserts that her counsel requested that Defendants consider waiving process during a discussion with Defendants' counsel about a potential settlement, but Defendants never agreed to waive service.

Typically, Defendants' knowledge of the complaint alone does not confer jurisdiction on the Court. *See Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988) ("The defendant's

---

[1] The record does not indicate when Prather received her Notice of a Right to Sue, but regardless, it is 90 days past when Prather filed her complaint and thus her right to sue has expired.

2

actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements."). It also does not provide good cause for an extension. *Sys. Signs Supplies*, 903 F.2d at 1013–14.

However, under this heightened standard for effectively dismissing a complaint with prejudice, Defendants have not shown any of the aggravating factors that warrant dismissal. The delay in this case is "just a few months" rather than a "significant period[] of total inactivity." *Thrasher*, 709 F.3d at 513. Plaintiff herself has not caused the delay, the delay does not appear to prejudice the Defendants, and the delay was not caused by intentional conduct. Plaintiff's complaint includes serious allegations regarding sexual harassment and claims for back pay, among other damages. The Court will use its discretion to not deprive Plaintiff the liberty of pursuing her claim. Thus, Plaintiff's motion for extension of time to serve Defendants will be granted and Defendant's motion to dismiss for insufficient service of process will be denied.

Plaintiff must serve the Defendant within 21 days.

**SO ORDERED**, this the 24th day of May, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE