### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**ABBY K. PRATHER**                                                                                           **PLAINTIFF**

**V.**                                                         **CAUSE NO. 3:20-CV-831-CWR-FKB**

**JACKSON FITNESS LLC D/B/A**                                        **DEFENDANTS**
**ANYTIME FITNESS LLC, ANYTIME**
**FITNESS ENTERPRISES LLC, SH**
**CAPITAL MS-1 LLC THROUGH**
**SH CAPITAL MS-7 LLC, JUSTIN**
**SIVERD, AND JOSH HALL**

### ORDER

Before the Court is Defendants' motion to dismiss. Docket No. 13. The motion is fully briefed and ready for adjudication. For the following reasons, the motion will be granted.

Plaintiff Abby K. Prather filed a complaint against Defendants Jackson Fitness LLC D/B/A Anytime Fitness LLC, Anytime Fitness Enterprises LLC, SH Capital MS-1 LLC through SH Capital MS-7 LLC, Justin Siverd, and Josh Hall on December 28, 2020. On May 5, 2021, Defendants filed a motion to dismiss for insufficient process, as no Defendant had been served within 90 days of the complaint's filing, as required under Rule 4(m) of the Federal Rules of Civil Procedure. In response, on May 11, 2021 Ms. Prather filed a motion for extension of time to serve defendants. The Court granted Ms. Prather's motion on May 24, 2021, and directed Ms. Prather to serve the Defendants within 21 days of the Order.

On June 11, 2021, Ms. Prather filed an emergency motion for extension of time to serve process. Defendants opposed the motion. Applying a heightened standard, as dismissal of Ms. Prather's complaint would effectively result in dismissal with prejudice due to expiration of the applicable statute of limitations, this Court granted Ms. Prather a second extension of time to

serve process on June 23, 2021. In the Order, this Court required Ms. Prather to serve the Defendants within seven days, or by June 30, 2021.

On July 19, 2021, Defendants filed the present motion to dismiss for insufficient service of process.

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990). Further, Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Rules 4(e) and (h) of the Federal Rules of Civil Procedure supply the standard for serving individuals located in the United States. Rule 4(e)(1) authorizes service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(c)(3) of the Mississippi Rules of Civil Procedure, in turn, allows for service of process by mail, providing that:

> A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.

Miss. R. Civ. P. 4(c)(3).

Defendants allege that Anytime Fitness LLC, Mr. Siverd, and Jackson Fitness LLC received packages containing "only a copy of a summons and the complaint in this matter" on

June 30, July 1, and July 2, respectively. Docket No. 13 at 2. In each of the packages, Defendants submit that "[t]here was no signature requirement for the package, no return receipt requested, and no form of notice and acknowledgment or return envelope." *Id.* They further contend that "there were no attempts at serving process on any of the other Defendants named in this suit on or before the June 30, 2021 deadline set by the Court." *Id.*

Ms. Prather does not deny Defendants' assertions. Instead, she protests that she "has made diligent, reasonable attempts to locate and serve all defendants named in the suit." Docket No. 14 at 2. She further contends that that "Defendants have (twice) ignored Prather's good faith request for waiver of service." *Id.* at 2. Finally, Ms. Prather presses that Defendants' motion to dismiss "is in no way supported by a showing that Prather has failed to do the things Rule 4 requires plaintiffs to do to bring a claim in Federal Court." *Id.*

Ms. Prather is mistaken. Mississippi law authorizes service via first-class mail only when the package contains (1) the complaint and summons, (2) two copies of the notice, and (3) an acknowledgment conforming substantially to Form 1-B with a prepaid return envelope addressed to the sender. Miss. R. Civ. P. 4(c)(3).[1] Defendants submit, and Ms. Prather fails to deny, that the packages received by Anytime Fitness LLC, Mr. Siverd, and Jackson Fitness LLC lacked the two copies of the notice and any sort of acknowledgment form. As such, Ms. Prather's service was deficient under Mississippi law.

Likewise, Ms. Prather's failure to attempt service on any of the other Defendants named in this suit amounts to insufficient service of process.

---

[1] Because, as Ms. Prathers acknowledges, Defendants refused to waive service, *see* Docket No. 14 at 2, service by mail was not authorized under the Federal Rules of Civil Procedure absent adherence to Mississippi's service of process standard. *See* Fed. R. Civ. Proc. 4(e) and (h) (requiring service on a natural person or corporate defendant within any judicial district of the United States in-person, not by mail, absent conformity with the service of process provisions of the forum state).

A dismissal with prejudice must reflect "at least one of the three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013).[2] Undue delay can support a dismissal with prejudice. *See Porter v. Beaumont Enterprise and Journal*, 743 F.2d 269, 271-72 (5th Cir. 1984) (affirming the district court's dismissal of an action with prejudice where plaintiff did not properly serve process and then delayed correction of the error for five weeks); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006).

Here, Ms. Prather's persistent failure to properly serve Defendants constitutes undue delay. Over seven months after filing her complaint, and after this Court *twice* granted additional time to serve process, Ms. Prather still failed to adequately serve the Defendants. Indeed, based on the record, it appears that following this Court's June 23 Order, Ms. Prather did not even bother to try to serve nine of the twelve named Defendants. And separate and apart from the insufficiency of the form of process, two of the three notices she attempted to serve arrived after the Court's June 30, 2021 deadline. Nothing in the record indicates that Ms. Prather has since attempted to correct these errors. Such circumstances warrant dismissal.

Defendants' motion to dismiss is granted. A separate Final Judgment shall issue.

**SO ORDERED**, this the 16th day of September, 2021.

                                            s/ Carlton W. Reeves
                                            UNITED STATES DISTRICT JUDGE

---

[2] As discussed in this Court's prior May 24, 2021 and June 23, 2021 Orders, "dismissing this complaint at this point would effectively be a dismissal with prejudice," as more than 90 days have passed since Ms. Prather received her Notice of a Right to Sue from the EEOC. *See* Docket Nos. 5 at 2 and 10 at 1.